**Kristin L. Cleveland, OSB No. 001318**
Email: kristin.cleveland@klarquist.com
**Salumeh R. Loesch, OSB No. 090074**
Email: salumeh.loesch@klarquist.com
**Andrew M. Mason, OSB No. 111590**
Email: andrew.mason@klarquist.com
**John D. Vandenberg, OSB No. 893755**
Email: john.vandenberg@klarquist.com
KLARQUIST SPARKMAN, LLP
121 SW Salmon Street, Suite 1600
Portland, OR 97204
Telephone: (503) 595-5300
Fax: (503) 595-5301

**Additional Counsel Listed on Signature Page**

*Attorneys for Plaintiff Tripwire, Inc.*

**Harry B. Wilson, OSB No. 077214**
HarryWilson@MarkowitzHerbold.com
**Kristin M. Malone, OSB No. 151254**
KristinMalone@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
3000 Pacwest Center
1211 SW Fifth Avenue
Portland, OR 97204-3730
Telephone: (503) 295-3085
Fax: (503) 323-9105

**Additional Counsel Listed on Signature Page**

*Attorneys for Defendants UpGuard, Inc., Norman Zulauf, Thomas Lynn, Andrew Steigleder, Michael Lohr, and Anthony Esposito*

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **TRIPWIRE, INC.,**<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>**UPGUARD, INC., ET AL.**<br><br>　　　　　Defendants. | Civil Case No.: 3:17-cv-0114-YY<br><br>**JOINT STATUS REPORT AND PROPOSED CASE MANAGEMENT SCHEDULE** |

Pursuant to Rule 26(f), counsel for Plaintiff Tripwire, Inc. ("Tripwire") and Defendants UpGuard, Inc. ("UpGuard"), Norman Zulauf, Thomas Lynn, Andrew Steigleder, Michael Lohr, and Anthony Esposito (collectively, "Defendants") held a telephone conference on April 28, 2017, to discuss their respective views on case management. The parties submit this Joint Status Report and Proposed Case Management Schedule.

## I.    NATURE OF CASE

In this case, Plaintiff Tripwire accuses Defendant UpGuard of infringing claims of two U.S. patents; Defendant UpGuard counterclaims that the patents are invalid and not infringed.  In addition, Plaintiff Tripwire accuses Defendant UpGuard and five individual former Tripwire employees, now employees of Defendant UpGuard, of trade secret theft and interference claims. Plaintiff Tripwire further accuses the individual Defendants of breach of contract claims.  This case involves claims arising under both Oregon and Federal law.  Defendants do not believe that the claims for patent infringement and trade secret misappropriation/related state law claims will have disputed issues of law or fact in common. Plaintiff disagrees (*see*, *e.g*., ECF No. 9 at ¶¶ 81, 97) and submits resolution of this issue is not necessary to resolve any issue at the Rule 16 conference.

## II.    DISCOVERY PLAN

a.    Initial Disclosures: The parties exchanged initial disclosures on May 23, 2017.

b.    Electronically Stored Information ("ESI"): The parties anticipate this case will involve production of ESI. Given that this case involves both patent and non-patent claims, the Court's Model Order Regarding E-Discovery routinely entered in patent cases is not applicable and the parties do not propose its entry in this case. The parties will confer regarding a procedure for the exchange of lists of search terms and custodians for additional ESI searching by the receiving party. The parties agree that each party will search for relevant, responsive, and reasonably accessible ESI in response to requests for production. If a party identifies information that cannot be obtained from reasonably accessible sources, but is likely to be on back up media or legacy systems, the parties will meet and confer to resolve whether additional searches are necessary, and whether it is appropriate to shift costs associated with accessing the media.

c.      Document Production Format: The parties are in the process of finalizing an agreement regarding the format for production of documents.

d.      Confidentiality and Privilege: The parties submit that a joint stipulated protective order under Fed. R. Civ. P. 26(c) is appropriate to protect the parties' confidential, proprietary information and documents. The parties are negotiating appropriate terms for a proposed stipulated protective order, including a provision regarding the non-waiver of privilege and work similar to that contemplated in Fed. R. Evid. 502(d) and Fed. R. Civ. P. 26(b)(5)(B), for the Court's consideration. The parties agree that they need not create a privilege log for privileged communications or work product related to the subject matter of the present lawsuit with outside counsel from law firms of record in this litigation; or work product occurring after August 11, 2015.  However, Section 13(c) of Appendix A provides for producing a privilege log under the circumstances stated there.

e.      Patent Disclosures: The parties propose infringement, invalidity, and claim construction disclosures similar to those provided for by Local Patent Rules of other district courts, with interpretative guidance from the Northern District of California and Western District of Washington regarding the scope and content of the disclosures specified in Appendix A ("Patent Disclosures").

f.      Proposed Discovery Limitations and Procedures: The parties propose below certain modifications of the Federal Rules limits on discovery. Aside from these limits, the parties do not propose at this time any changes to the limitations on discovery imposed by the Federal Rules of Civil Procedure. The Parties agree to work in good faith to resolve any discovery disputes that may arise on mutually agreeable terms before seeking need for Court intervention.

- Depositions: There will be no set limit on the number of deponents, however, the parties agree to a presumptive limit of 70 hours of total deposition time per side, subject to further hours by agreement by the parties, or leave of Court if agreement is not reached. Plaintiff and Defendant UpGuard agree to disclose the names of respective Rule 30(b)(6) witnesses and their designated topics at least five (5) business days before the deposition.

- Interrogatories: Tripwire may serve up to 10 common interrogatories on all Defendants; up to an additional 15 interrogatories on Defendant UpGuard, and up to an additional 5 interrogatories on each of the individual Defendants. Defendants may serve 10 common interrogatories (a single interrogatory seeking common discovery on behalf of multiple Defendants to which Tripwire will respond to the discovery respecting each of the Defendants) on Tripwire; Defendant UpGuard may serve an additional 15 interrogatories on Tripwire; each of the 5 individual Defendants may serve up to 5 additional interrogatories on Tripwire.

In the event that the claims or defenses asserted materially change, the parties contemplate that the proposed limits on discovery herein may require adjustment and agree to meet and confer in good faith about any adjustment appropriate in the interests of justice and fairness.

III.    **CASE SCHEDULE**

The parties have agreed to and propose the following case management schedule, which includes ordered discovery, planning, and briefing of threshold patent claim construction issues. For events in the case after the Court issues its Order construing disputed claim terms, the parties have planned based on a February 5, 2018 date by which the Court would issue that Order. In the event that the Court's Order has not issued by that date, the parties have agreed (1) to a general

timeline of events that would be begin based on the date of the Court's Order and (2) to confer to schedule actual dates on or after dates based on that timeline, taking into account weekends, holidays, other scheduling constraints of the parties/counsel, etc., upon issuance of the Court's Order and thereafter propose that schedule to the Court.

| Activity | Agreed Date |
| --- | --- |
| Infringement Contentions and Accompanying Document Production | Tuesday, June 13, 2017 |
| Make Source Code Available for Inspection | Tuesday, June 28, 2017 |
| Invalidity Contentions | Friday, July 28, 2017 |
| Deadline to Join Parties or Amend Pleadings | Tuesday, August 1, 2017 |
| Amended Infringement Contentions For Source Code Elements | Friday, August 11, 2017 |
| Amended Invalidity Contentions For Source Code Elements | 30 Days after Amended Infringement Contentions For Source Code Elements or by Friday, September 8, 2017 (whichever is earlier) |
| Claim Construction:  Exchange of Proposed Terms for Construction & Identification of any terms a party contends should be governed by 35 U.S.C. § 112(6) | Friday, September 15, 2017 |
| Exchange of Preliminary Claims Constructions, including § 112(6) identifications, and identification of specification, prosecution history and extrinsic evidence support | Friday, September 29, 2017 |
| Joint Claim Construction and Prehearing Statement | Wednesday, October 11, 2017 |
| Plaintiff's Claims Construction Opening Brief (30 Page Limit) | Friday, October 27, 2017 |
| Defendant UpGuard's Claims Construction Opposition Brief (30 Page Limit) | Monday, November 20, 2017 |
| Plaintiff's Claims Construction Reply Brief (15 Page Limit) | Friday, December 8, 2017 |

| Activity | Agreed Date | |
|---|---|---|
| Amended Joint Claim Construction and Prehearing Statement (if there are changes to a party's proposed construction) | Friday, December 15, 2017 | |
| Claim Construction Tutorial (if desired by Court) | *Court Advises* | |
| Claim Construction Hearing | *Court Advises* | |
| The dates that the parties propose for the events below depend on the date of the Court's Order construing disputed claim terms as discussed above. | **On or before Feb. 5, 2018** | **General Timeline Guidance After Feb. 5, 2018** |
| Fact Discovery Cutoff | Friday, March 16, 2018 | *42 days after the Court's Order construing disputed claim terms.* |
| Disclosure of Experts / Opening Expert Reports (party with burden) | Monday, April 30, 2018 | *30 days after Fact Discovery Cutoff* |
| Disclosure of Rebuttal Experts / Rebuttal Expert Reports | Wednesday, May 30, 2018 | *30 Days after Opening Expert Reports* |
| Reply to Rebuttal Expert Reports (if report goes beyond critique of Opening Expert Report) | Wednesday, June 6, 2018 | *14 Days after Rebuttal Expert Reports* |
| Expert Discovery Cutoff | Wednesday June 20, 2018 | *14 days after date for Reply to Rebuttal Expert Reports* |
| Last Day to File MSJ | Wednesday July 13, 2018 | *21 days after Expert Discovery Cutoff* |
| MSJ Hearing for any MSJ filed on the last day to file | *Court Advises* | *Court Advises* |
| Serve Motions *in limine* | *30 Days Before Final Pretrial Conference* | *30 Days Before Final Pretrial Conference* |
| Serve Opps. to MILs | *21 Days Before Final Pretrial Conference* | *21 Days Before Final Pretrial Conference* |
| Proposed Final Pretrial Conference Order & Related Materials | *14 Days Before Final Pretrial Conference* | *14 Days Before Final Pretrial Conference* |
| Final Pretrial Conference | *21 Days Before Trial* | *21 Days Before Trial* |

**Trial [Disputed]:** The parties do not agree at this point whether the patent infringement claims against UpGuard should be tried separately from the allegations of trade secret misappropriation and other claims that also involve the other Defendants.

Plaintiff proposes a single trial and accordingly requests that the Court set a trial date now, or at an appropriate status conference.

Defendants propose that the Court and the parties determine the sequence of issues for trial in connection with the Final Pretrial Conference.

## IV.    ALTERNATIVE DISPUTE RESOLUTION

The parties have discussed the timing of and potential alternative dispute resolution processes and believe that the parties having the benefit of the Court's construction of any disputed claim terms would increase the likelihood of such processes succeeding and accordingly contemplate scheduling an alternative dispute resolution opportunity approximately 21 days following the order from the Court construing disputed claim terms.  The parties will continue to evaluate whether there are earlier opportunities for an effective alternative dispute resolution process.

Dated this 30th day of May, 2017

SUBMITTED BY:

*s/Kristin L. Cleveland*
**Kristin L. Cleveland, OSB No. 001318**
Email: kristin.cleveland@klarquist.com
**Salumeh R. Loesch, OSB No. 090074**
Email: salumeh.loesch@klarquist.com
**Andrew M. Mason, OSB No. 111590**
Email: andrew.mason@klarquist.com
**John D. Vandenberg, OSB No. 893755**
Email: john.vandenberg@klarquist.com
KLARQUIST SPARKMAN, LLP
121 SW Salmon Street, Suite 1600
Portland, OR 97204
Telephone: (503) 595-5300
Fax: (503) 595-5301

**Courtney Angeli, OSB No. 941765**
Email: courtney@baaslaw.com
**Kristine Lambert, OSB No. 010684**

*s/Darren Donnelly*
**Harry B. Wilson, OSB No. 077214**
HarryWilson@MarkowitzHerbold.com
**Kristin M. Malone, OSB No. 151254**
KristinMalone@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
3000 Pacwest Center
1211 SW Fifth Avenue
Portland, OR 97204-3730
Telephone: (503) 295-3085
Fax: (503) 323-9105

*California counsel to be admitted pro hac vice:*

**Michael J. Sacksteder, CSB No. 191605**
msacksteder@fenwick.com

**Page 7 – JOINT STATUS REPORT AND
        PROPOSED CASE MANAGEMENT SCHEDULE**

Email: kristine@baaslaw.com
BUCHANAN ANGELI ALTSCHUL
& SULLIVAN LLP
321 SW 4th Avenue, Suite 600
Portland, OR 97204
Telephone: (503) 974-5015
Fax: (971) 230-0337

*Attorneys for Plaintiff Tripwire, Inc.*

**Darren Donnelly, CSB No. 194335**
ddonnelly@fenwick.com
**Daniel J. McCoy, CSB No. 206099**
dmccoy@fenwick.com
**Anna Suh, CSB No. 228632**
asuh@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Fax: 650.938.5200

*Attorneys for Defendants UpGuard, Inc.,*
*Norman Zulauf, Thomas Lynn, Andrew*
*Steigleder, Michael Lohr, and Anthony*
*Esposito*

APPENDIX A ("Patent Disclosures")

The parties agree on the following form for certain patent-related disclosures:

1) **Disclosure of Asserted Claims and Infringement Contentions**. The "Infringement Contentions" shall contain the following information: Each claim ("Asserted Claim") of each patent in suit that is allegedly infringed by each opposing party, including for each claim the applicable statutory subsections of 35 U.S.C. § 271 asserted;

   a) Separately, for each Asserted Claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Device or Instrumentality") of each opposing party of which the party is aware. The identification shall be as specific as possible. Each product, device, method, process and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, and by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

   b) A chart identifying specifically where each element of each Asserted Claim is found within each Accused Device, including for each claim element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Device that performs the claimed function;

   c) For each claim which is alleged to have been indirectly infringed, an identification of any direct infringement, and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement. Insofar as alleged direct infringement is based on joint acts of multiple parties, the role of each such party in the direct infringement must be described.

d) Whether each element of each asserted claim is claimed to be literally present and/or present under the doctrine of equivalents in the Accused Device;

e) For any patent that claims the priority of an earlier application, the priority date to which each asserted claim allegedly is entitled; and

f) If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own or its licensee's apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party shall identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim.

2) **Amended Infringement Contentions for Source Code Elements.** If a party claiming patent infringement asserts that a claim element is found in the source code of the Accused Device (a "Source Code Element"), the party may by the date indicated in the schedule, serve Amended Infringement Contentions for Source Code Elements with citations to specific source code portion(s).

3) **Document production Accompanying Disclosure of Asserted Claims and Infringement Contentions.** Provided that a protective order suitable to the producing party has been entered, no later than the "Disclosure of Asserted Claims and Infringement Contentions," the party claiming patent infringement shall produce to each opposing party or make available for inspection and copying:

a) Documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of

providing to a third party, or sale of or offer to sell, or any public use of, the claimed

invention prior to the date of application for the patent in suit. A party's production of a

document as required herein shall not constitute an admission that such document

evidences or is prior art under 35 U.S.C. § 102;

b)  All documents evidencing the conception, reduction to practice, design, and development

of each claimed invention, which were created on or before the date of application for the

patent in suit or the priority date identified pursuant to 1(e) above, whichever is earlier;

c)  A copy of the file history for each patent in suit;

d)  All documents evidencing ownership of the patent rights by the party asserting patent

infringement;

e)  If a party identifies instrumentalities pursuant to subsection 1(f) above, documents

sufficient to show the operation of any aspects or elements of such instrumentalities the

patent claimant relies upon as embodying any asserted claims;

f)  If a party identifies instrumentalities pursuant to subsection 1(f) above, documents

sufficient to show marking of such embodying accused instrumentalities.

g)  The producing party shall separately identify by production number which documents

correspond to each category.

h)  If documents called to be produced in this document production have also been sought

via document requests under Rule 34, the party making this document production shall

not use this Appendix as a basis to delay production of such documents sought under

Rule 34.

4)  **Disclosure of Invalidity Contentions**. The "Invalidity Contentions" shall contain the

following information:

a) The identity of each item of prior art that allegedly anticipates each Asserted Claim or renders it obvious. Each prior art patent shall be identified by number, country of origin, and date of issue. Each prior art publication shall be identified by its title, date of publication, and where feasible, author and publisher. Each alleged sale or public use shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. A claim that the invention was derived from a third party shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. A claim of prior inventorship shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

b) Whether each item of prior art anticipates each Asserted Claim or renders it obvious. If obviousness is alleged, an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness;

c) A chart identifying specifically where and how in each alleged item of prior art each element of each Asserted Claim is found, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function;

d) Any grounds of invalidity based on 35 U.S.C. § 101, indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims; and

e) The identity of any claim which is not an Asserted Claim which Defendant intends to litigate the invalidity of at trial, and the disclosures required by subparagraphs (a), (b), (c), and (d) of this paragraph for each such identified claim.

f) **Supplemental Invalidity Contentions for Source Code Elements.** Within 30 days of the Amended Infringement Contentions for Source Code Element (Section 2) or by the date provided in the schedule, the party opposing a claim of patent infringement may serve Supplemental Invalidity Contentions for Source Code Elements that specifically respond to the additions or changes made pursuant to Section 2.

5) **Document Production Accompanying Invalidity Contentions**. Provided that a protective order suitable to the producing party has been entered, the party opposing a claim of patent infringement shall produce or make available for inspection and copying:

a) Within 15 days of completion of the Disclosure of Asserted Claims and Infringement Contentions, the party opposing a claim of patent infringement shall produce or make available for inspection source code for any aspects or elements of an Accused Instrumentality identified by the patent claimant in its Section 1(b) chart; and

b) No later than the "Invalidity Contentions," the party opposing a claim of patent infringement shall produce or make available for inspection and copying source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Device or Instrumentality identified by the patent claimant in its Section 1(b) chart.

c) With the "Invalidity Contentions," the party opposing a claim of patent infringement must produce or make available for inspection and copying a copy or sample of each item of prior art identified pursuant to Section 4(a) which does not appear in the file history of the patent(s) at issue. To the extent any such item is not in English, an accurate English translation of the portion(s) relied upon must be produced.

d) The producing party shall separately identify by production number which documents correspond to each category.

e) If documents called to be produced in this document production have also been sought via document requests under Rule 34, the party making this document production shall not use this Appendix as a basis to delay production of such documents sought under Rule 34.

6) **Supplementing Contentions**.

a) Supplementing the Infringement Contentions or the Invalidity Contentions shall be governed by Federal Rule of Civil Procedure 26(e). In the event a dispute arises regarding any such supplementation, the parties agree the following are non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause for timely supplementing of contentions:

   i) a claim construction by the Court different from that proposed by the party seeking amendment;

   ii) recent discovery of material prior art despite earlier diligent search;

   iii) recent discovery of nonpublic information about the Accused Device which was not discovered, despite diligent efforts, before the service of the Infringement

Contentions, e.g. non-public information contained only in the source code for the

Accused Device; and

iv) with respect to amendment of Invalidity Contentions, an amendment of Infringement

Contentions, for example pursuant to Sections 2 and 4(f).

7) **Exchange of Proposed Terms and Claim Elements for Construction**.

a) Each party shall serve on the other a list of claim terms, phrases, or clauses which that

party contends should be construed by the Court, and identify any claim element which

that party contends should be governed by 35 U.S.C. § 112(6); and

b) The parties shall thereafter meet and confer, by telephone or in person, for the purposes

of finalizing this list, narrowing or resolving differences, and facilitating the ultimate

preparation of a Joint Claim Construction and Prehearing Statement.

8) **Exchange of Preliminary Claim Constructions and Extrinsic Evidence**.

a) Each party shall serve proposed constructions of each claim term, phrase, or clause that

the parties have identified for claim construction purposes. Each such "Preliminary Claim

Construction" shall also, for each element that any party contends is governed by 35

U.S.C. § 112(6), identify the structure(s), act(s), or material(s) corresponding to that

element;

b) At the same time the parties exchange their respective "Preliminary Claim

Constructions," they shall each also provide a preliminary identification of extrinsic

evidence, including, without limitation, dictionary definitions, treatises, prior art, and

testimony of  percipient and expert witnesses, that they contend support their respective

claim constructions. The parties shall identify each such item of extrinsic evidence by

production number or produce a copy of any such item not previously produced. With

respect to any such witness, percipient or expert, the parties shall also provide a brief

description of the substance of that witness's proposed testimony; and

   c) The parties shall thereafter meet and confer, by telephone or in person, for the purposes

      of narrowing the issues and finalizing preparation of a Joint Claim Construction and

      Prehearing Statement.

9) **Joint Claim Construction and Prehearing Statement**.  The parties' Joint Claim

   Construction and Prehearing Statement shall contain the following information:

   a) The construction of those claim terms, phrases, or clauses on which the parties agree;

   b) Each party's proposed construction of each disputed claim term, phrase, or clause,

      together with an identification of all references from the specification or prosecution

      history that support that construction, and an identification of any extrinsic evidence on

      which it intends to rely either to support its proposed construction of the claim or to

      oppose any other party's proposed construction of the claim;

   c) The ten most important disputed claim terms. If the parties cannot agree on such terms,

      then they shall set forth the disputed terms upon which they agree, and each party shall

      identify any additional terms it believes should be construed, with a brief explanation as

      to why it believes the construction of such terms are important. Prioritization should be

      guided by the twin goals of narrowing the issues and choosing the claim terms for which

      a claim construction would be most productive in terms of setting the groundwork for

      possible settlement;

   d) The anticipated length of time necessary for the Claim Construction Hearing;

   e) The proposed order of presentation at the Claim Construction Hearing;

f)  The parties' position on whether, why, and the extent to which the Court should consider live testimony at the Claim Construction Hearing, including the identity of any witnesses a party proposes to call, and for each expert, the disclosure required by Fed. R. Civ. P. 26(a)(2)(B) as to opinions to be offered at the Claim Construction Hearing;

g)  The parties' position as to whether there should be a tutorial on the subject matter of the patent(s) at issue and, if so, the timing of such a tutorial;

h)  Whether a pre-hearing conference, prior to the Claim Construction Hearing, is necessary and, if so, the proposed subjects to be addressed and proposed dates for such conference; and

i)  Whether the parties believe the Court should appoint an independent expert.

10) **Certification of Disclosures.**  All statements, disclosures, or charts filed or served in accordance with these Patent Disclosures shall be dated and signed by counsel of record. Counsel's signature shall constitute a certification that to the best of his or her knowledge, information, and belief, formed after an inquiry that is reasonable under the circumstances, the information contained in the statement, disclosure, or chart is complete and correct at the time it is made.

11) **Admissibility of Disclosures.**  Statements, disclosures, or charts governed by these Patent Disclosures are admissible to the extent permitted by the Federal Rules of Evidence or Civil Procedure. However, the statements and disclosures provided for in Exchange of Proposed Terms for Construction and Exchange of Preliminary Claim Construction and Extrinsic Evidence are not admissible for any purpose other than in connection with motions seeking an extension or modification of the time periods within which actions contemplated by these Patent Disclosures shall be taken.

12) **Relationship to Federal Rules of Civil Procedure.** Except as provided in this paragraph or as otherwise ordered, it shall not be a ground for objecting to an opposing party's discovery request (e.g., interrogatory, document request, request for admission, deposition question) or declining to provide information otherwise required to be disclosed pursuant to Fed. R. Civ. P. 26(a)(1) that the discovery request or disclosure requirement is premature in light of, or otherwise conflicts with, these Patent Local Rules, absent other legitimate objection. A party may object, however, to responding to the following categories of discovery requests (or decline to provide information in its initial disclosures under Fed. R. Civ. P. 26(a)(1)) on the ground that they are premature in light of the timetable provided in the Patent Local Rules:

a) Requests seeking to elicit a party's claim construction positions;

b) Requests seeking to elicit from the patent claimant a comparison of the asserted claims and the accused apparatus, product, device, process, method, act, or other instrumentality;

c) Requests seeking to elicit from an accused infringer a comparison of the asserted claims and the prior art; and

d) Requests seeking to elicit from a party the identification of any advice of counsel, and related documents.

Where a party properly objects to a discovery request (or declines to provide information in its initial disclosures under Fed. R. Civ. P. 26(a)(1)) as set forth above, that party shall provide the requested information on the date on which it is required to be provided to an opposing party under these Patent Disclosures or as set by the Court, unless there exists another legitimate ground for objection.

13) **Advice of Counsel.** Not later than 30 days after service by the Court of its Claim

Construction Ruling, each party relying upon advice of counsel as part of a patent-related

claim or defense for any reason shall:

a) Produce or make available for inspection and copying any written advice and documents

related thereto for which the attorney-client and work product protection have been

waived;

b) Provide a written summary of any oral advice and produce or make available for

inspection and copying that summary and documents related thereto for which the

attorney-client and work product protection have been waived; and

c) Serve a privilege log identifying any other documents, except those authored by counsel

acting solely as trial counsel, relating to the subject matter of the advice which the party

is withholding on the grounds of attorney-client privilege or work product protection.

A party who does not comply with the requirements of this Patent Disclosure shall not be

permitted to rely on the particular advice of counsel for which there was not compliance with

this Patent Disclosure for any purpose absent a stipulation of all parties or by order of the

Court.